UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas Darga, | ) | No. CV-14-02137-PHX-DGC |
| Plaintiff, | ) ) ) | **PROTECTIVE AND INADVERTENT DISCLOSURE ORDER** |
| v. | ) ) | |
| Credit Control Service, Inc. dba Credit Collections Services, | ) ) ) | |
| Defendant. | ) ) | |

Having read and reviewed Defendant, Credit Control Services, Inc. dba Credit Collections Services ("CCS"), Motion for Entry of a Protective and Inadvertent Disclosure Order, and good cause appearing,

**IT IS HEREBY ORDERED**:

1. When used in this Order, the word "document" means all written, recorded, or electronically stored material of any kind, and copies thereof (whether identical or not identical) including, but not limited to, interrogatory answers, production responses, requests to admit and responses thereto, documents, as defined in the Federal Rules of Civil Procedure or in the discovery requests in this action, or physical items produced by any Party or non-party in this action whether pursuant to subpoena, court order, discovery requests, or by agreement, deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

2. Only if a Class is certified shall CCS be required to produce its net worth information or the contact and personal information of a potential class member, including the underlying creditor information and contracts, which then subjects the production of the document under the restrictions in paragraphs 3(c) and (d).

3. The documents that are protected under this order that shall be designated as confidential as follows:

   a. Any and all documents regarding training of collection employees and related policies and/or procedures (and information contained therein);

   b. Any and all documents regarding CCS's account notes; and

   c. Any and all information regarding the CCS's net worth.

4. Any confidential information not reduced to documentary, tangible or physical form or which cannot conveniently be designated in the manner set forth in paragraphs 2 and 3, including but not limited to data contained in any electronic form, shall be designated CONFIDENTIAL by informing the receiving Party in writing that all of the information is confidential. If any Party produces CONFIDENTIAL material stored electronically, including but not limited to production of magnetic diskettes or downloaded or uploaded files transferred by any method including electronic mail, then all of that information retains its CONFIDENTIAL nature regardless of whether the information is manipulated or converted to any other media including but not limited to the creation of print-outs or other hard copies and conversations or manipulation of data for whatever purpose including but not limited to conversation or manipulation for processing by any other computer hardware or software.

5. Any part of deposition testimony in this case may be designated CONFIDENTIAL by advising the reporter and all Parties of such fact, or by notifying the reporter and all Parties in writing within thirty (30) days of the receipt of the transcript by the deponent or deponent's counsel. Deposition testimony marked CONFIDENTIAL

1  shall be given to no one other than people described in paragraph 8, the reporter, the
2  deponent, and the deponent's counsel present. Any CONFIDENTIAL testimony must be
3  marked, treated, used and/or disclosed only as provided in this Order.

4        6.     If opposing counsel objects to the designation of certain information as
5  CONFIDENTIAL Information, he or she shall promptly inform the other Parties' counsel
6  in writing of the specific grounds of objection to the designation. All counsel shall then,
7  in good faith and on an informal basis, attempt to resolve such dispute. If after such good
8  faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move
9  for a disclosure order consistent with this order. Any motion for disclosure shall be filed
10 within fourteen (14) days of receipt by counsel of notice of opposing counsel's objection,
11 and the information shall continue to have CONFIDENTIAL status from the time it is
12 produced until the ruling by the Court on the motion.

13       7.     Nothing in this Order shall prevent any Party from objecting to discovery
14 that it believes is improper.

15       8.     Documents designated as CONFIDENTIAL and all information contained
16 therein shall be kept confidential, shall be used solely for the prosecution and defense of
17 this case, and shall be disclosed only to:

18          a.     Plaintiff and Defendant in this case, including officers, directors,
19 employees, and in-house attorneys of the Parties;

20          b.     Counsel of record for the Parties to the case;

21          c.     Attorneys, paralegals, secretaries and other personnel employed or
22 retained by or working under the supervision of counsel of record described in
23 subparagraph 8(b) who are assisting in this action;

24          d.     Any other person or entity as to whom counsel for the producer or
25 provider of the confidential information agreed in writing, or whom the Court directs,
26 shall have access to such information, provided that the person signs a document in the

3

form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms, before seeing CONFIDENTIAL documents; and

    e. The Court or Court personnel under seal.

  9. CONFIDENTIAL material subject to this Order shall not be used for any purpose other than the preparation and adjudication of this action according to the provisions of this Order.

  10. Nothing contained in this Order shall preclude CCS from using its own CONFIDENTIAL material in any manner it sees fit, or from revealing such CONFIDENTIAL material to whomever it chooses, without prior consent of any other Party or of this Court.

  11. The Parties cannot use, file or disclose any CONFIDENTIAL material in any pretrial court proceeding that is open to persons not authorized to have access to such CONFIDENTIAL material under the terms of this Order. In the event that a Party wishes to use any CONFIDENTIAL material in any pretrial court proceeding, affidavit, brief, memorandum of law, or other papers filed in Court in this litigation, it shall, in accordance with Local Civil Rule 5.6, file a motion or stipulation with the Court seeking leave to file the CONFIDENTIAL material under seal.

  12. Upon request of the producing Party and within sixty (60) days after the final disposition of all aspects of this case by settlement, judgment, or expiration of time to appeal, all documents designated CONFIDENTIAL, including any reproductions of such documents, must be destroyed or returned to the producing Party or its counsel. At the producing Party's request, if the documents are destroyed, the Party who has destroyed the documents must furnish an affidavit attesting to same.

  13. For the purposes of the remainder of this Order, the following definitions shall apply:

1         a.     An "Inadvertently Produced Document" is a document that a Party to this litigation provides to the opposing Party in this case but that should have been withheld by the Producing Party, in whole or in part, based on a claim of privilege, work-product protection, confidentiality or other restrictions on disclosure, and for which the Producing Party provides the notice required in this Order;

        b.     The "Producing Party" is the party that provides an Inadvertently Produced Document; and

        c.     The "Receiving Party" is a party that receives an Inadvertently Produced Document.

14.     Pursuant to the agreement of the Parties under Fed. R. Evid. 502(e) and by Order of this Court under Fed. R. Evid. 502(d), no disclosure, production, or exchange of documents or information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Order applies to any documents or ESI disclosed, exchanged, produced, or discussed-whether intentionally or inadvertently-among the Parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation (collectively, "Produced Documents").

15.     This Order applies regardless of whether the Documents or ESI describe or relate to actions taken in this litigation, or in prior or separate litigations.

16.     Upon learning of any Produced Documents, the Producing Party shall promptly give all counsel of record notice of the inadvertent production. The notice shall identify the document, the portions of the document that were inadvertently produced, and the first date the document was produced. If the Party that produced a document claims that only a portion of the Produced Document was inadvertently produced, the Party shall provide with the notice of inadvertent production a new copy of the document with the allegedly privileged portions redacted.

23402757v1 0971336

17. Upon receiving notice of a Produced Document, or upon determining that a document received is known to be privileged, the Receiving Party must promptly return, sequester or destroy the specified information and any copies it has, and shall destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged information. The Receiving Party may not use or disclose the information until the claim is resolved. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the claim is resolved.

18. A Party receiving documents produced by another Party is under a good faith obligation to promptly alert the Producing Party if a document appears on its face or in light of facts known to the Receiving Party to be privileged.

19. To the extent that any Party obtains any information, documents or communications through Produced Documents, such information, documents and communications shall not be filed or presented for admission into evidence or sought in discovery by that Party in any action.

20. If the Receiving Party challenges a claim that a a Produced Document is properly privileged, the Receiving Party may in connection with a good faith challenge, make reference to the contents of the document in any paper submitted to the Court, so long as such filing is made under seal. If requested by the Receiving Party, the Producing Party shall provide such Produced Documents to the Court for in-camera review.

21. If the Court sustains the claim that a Produced Document is properly a Produced Privileged Document, the Receiving Party shall, within two (2) days of the Court's order, return the Inadvertently Produced Document and any copies it has and destroy any notes relating to the Produced Privileged Document and advise the Producing Party in writing of the destruction.

23402757v1 0971336

22.	Nothing in this Order shall be construed to require the production of any document or ESI that a Party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Dated this 18th day of June, 2015.

*David G. Campbell*
Honorable David G. Campbell
United States District Judge

# EXHIBIT A

1. I, _____, residing at _____, have read the foregoing Protective Order (the "Order") in the case captioned *Thomas Darga v. Credit Control Services, Inc. dba Credit Collections Services*, Court No. CV14-02137-DGC (the "action"). I agree to be bound by its terms with respect to any documents designated as "CONFIDENTIAL" there under that are furnished to me as set forth in the Order.

2. I further agree: (a) not to disclose to anyone any documents, or any information contained in documents, designated as "CONFIDENTIAL" other than as set forth in the Order; and (b) not to make any copies of any documents designated as "CONFIDENTIAL" except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the District of Arizona with regard to any proceedings to enforce the terms of the Order against me.

4. I hereby agree that any documents designated as "CONFIDENTIAL" that are furnished to me will be used by me only for the purposes of the action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own; nor will the information contained therein be shared or otherwise imparted by me to any other person. At the conclusion of the action, I agree that all documents designed "CONFIDENTIAL" in my possession or control, including any reproductions of such documents, must be returned to the producing Party or its counsel and that all summaries of such material and all memoranda, pleadings or other documents containing such material shall be destroyed.

Date                              Signature

23402757v1 0971336